UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSINA FOOD PRODUCTS, INC., and F&R IP INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR, <br><br> Defendant. | Civil Action No. _____ <br><br><br> MAY 19, 2022 |

## COMPLAINT

Plaintiffs, Rosina Food Products, Inc. and F&R IP Inc. ("Plaintiffs"), by and through their attorneys, Barclay Damon LLP, as and for their Complaint against defendant Rosina's Mill Street LLC dba Rosina's Restaurant and Bar ("Defendant"), allege as follows:

## NATURE OF ACTION

1. This is an action for (a) trademark infringement of federally-registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (d) trademark infringement under the common law of the State of Connecticut; (e) unfair competition under the common law of the State of Connecticut; and (f) unfair competition under the Connecticut Unfair Trade Practices Act ("CUTPA") (Gen. Stat. § 42-110(b)).

## PARTIES

2. F&R IP Inc. (hereinafter, "F&R IP"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 170 French Rd., Buffalo,

24565894.1

New York 14227. F&R IP is the owner of trademark registrations and common law trademark rights for ROSINA-formative marks identified in detail below (and hereinafter known as the "Rosina Marks").

3. Rosina Food Products, Inc. (hereinafter "Rosina"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 170 French Rd., Buffalo, New York 14227. Rosina is the beneficial owner and licensee of the Rosina Marks owned by F&R IP. Rosina is in the business of manufacturing, distributing, and selling a wide variety of Italian-style food products under various brand names and logos, including the Rosina Marks.

4. Upon information and belief, Defendant is a limited liability company duly organized and existing under the laws of the State of Connecticut, with a place of business at 230 Mill St., Greenwich, Connecticut 06830.

## JURISDICTION AND VENUE

5. This Complaint arises under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (d), as amended, and the common laws of the State of Connecticut.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) (actions arising out of the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States), § 1338(b) (action asserting related claim for unfair competition), and § 1367 (supplemental jurisdiction over related claims), and general principles of ancillary and pendent jurisdiction.

7. This Court has personal jurisdiction over Defendant because it is domiciled in this District and has committed acts of trademark infringement and/or unfair competition within this District, and/or it regularly engages in extensive business transactions and solicitations in the State

of Connecticut and within this District and has offered to contract, and/or contracted, to supply goods and/or services within this District, including, but not necessarily limited to, through the operation of its restaurant located at 230 Mill St., Greenwich, Connecticut.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims against Defendant occurred, and continue to occur, in this District.

**FACTUAL ALLEGATIONS**

9. Plaintiffs' Rosina brand was launched in 1963 as part of a family business in Buffalo, New York, servicing neighborhood meat markets, supermarkets, and restaurants.

10. Since then, the Rosina brand has become known nationwide as signifying high quality food products that are consistently made with quality and fresh ingredients. The products include Italian meatballs, pasta, eggplant, appetizers, pizza toppings, sausage, and entrees. Products are sold through a variety of channels, and can be found in supermarkets, supercenters, military commissaries, wholesale clubs, and restaurants throughout the country.

 

 

11. In 2013, Rosina was selected as "Frozen Food Supplier of the Year" by Reinhart Foodservice, one of the largest foodservice distributors in the United States.

12. F&R IP is the owner of federal trademark registration, Reg. No. 1,584,904, which issued on February 27, 1990 on the principal register of the United States Patent and Trademark Office. This registration is for the *Rosina* mark and covers a range of goods, including, "Italian Foods – namely, Meatballs, Italian Sausage with Peppers and Onions in Sauce, and Beef or Pork Based Pizza Topping." A true and correct copy of this registration is attached as Exhibit A. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been cancelled.

13. F&R IP is also the owner of federal trademark registration, Reg. No. 4,350,542, which issued on June 11, 2013 on the principal register of the United States Patent and Trademark Office. This registration is for the *Rosina* mark and covers a range of goods, including, "Food products, namely, frozen and packaged meats and vegetables; Frozen and packaged entrees consisting primarily of meat and/or vegetables." A true and correct copy of this registration is attached as Exhibit B. The right to use this trademark has become incontestable under the

provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been cancelled.

14. F&R IP is also the owner of federal trademark registration, Reg. No. 6,123,358, which issued on August 11, 2020 on the principal register of the United States Patent and Trademark Office. This registration is for the ROSINA mark and covers a range of goods, including, "Meatballs; Beef meatballs; Swedish meatballs; Turkey meatballs; Veal meatballs; Chorizo meatballs; Eggplant parmigiana; Potato-based gnocchi; Food products, namely, frozen and packaged meats and vegetables; Frozen prepared meats; Frozen entrees consisting primarily of meat or vegetables; gluten-free meatballs; Food products, namely, beef and pork based pizza toppings in the nature of meatballs, and uncooked sausages." A true and correct copy of this registration is attached as Exhibit C. The registration is valid and subsisting and has never been cancelled.

15. In addition to being the owner of the active federal trademark registrations identified in Exhibits A through C for the Rosina Marks, F&R IP is also the owner of nationwide common law trademark rights for the Rosina Marks. Rosina is the beneficial owner and licensee of the Rosina Marks.

16. The Rosina Marks have been used in commerce in the United States continuously since their inception, including through advertising, marketing, and distributing goods under the Rosina Marks in print, online, and through other media. In its marketing and advertising, Rosina uses the Rosina Marks to attract and maintain clientele.

17. Rosina has invested substantial time, effort, and financial resources promoting the Rosina Marks in connection with the advertising, marketing, and sale of its goods in commerce. The Rosina Marks have become, through widespread and favorable public acceptance and

recognition, an asset of substantial value as a symbol of Rosina, its quality goods, and its goodwill. The consuming public recognizes the Rosina Marks and associates them with Rosina.

18. The Rosina Marks, by virtue of substantial use and promotion, as well as extensive advertising and marketing, have acquired great value as a source identifier of Rosina's goods, distinguishing Rosina from other businesses and goods providers.

19. Moreover, the Rosina Marks have become very well known throughout the United States and in the Italian food industry.

20. Furthermore, the Rosina Marks have attained a high degree of awareness in the Connecticut market by virtue of significant sales in that region.

21. The Rosina Marks are inherently distinctive as applied to Rosina's goods that bear the mark.

22. Notwithstanding Plaintiffs' established rights in the Rosina Marks, and without Plaintiffs' approval or consent, Defendant adopted and is using the highly similar and/or confusingly similar ROSINA'S and ROSINA'S RESTAURANT AND BAR marks (collectively, the "Infringing Marks") in connection with at least its advertising, marketing, and providing of restaurant services, selling Italian food products at its Connecticut restaurant, and its use of a website with a domain name of www.rosinasrestaurant.com ("Defendant's Website"), through which it, among other things, solicits online orders and purchases of gift cards (collectively, the "Infringing Conduct").

23. Upon information and belief, Defendant owns and operates Defendant's Website, which it uses to solicit business for its goods through infringing use of the Infringing Marks, not only in the domain name, but also in its content. A true and correct copy of excerpts of Defendant's Website as it existed on May 6, 2022 is attached as Exhibit D.

24. The following screenshots from Defendant's Website depict representative examples of Defendant's use of the Infringing Marks as of May 6, 2022:



24565894.1



(*See* Exhibit D.)

25. Defendant's adoption and first use of the Infringing Marks occurred after Plaintiffs' first use of the Rosina Marks. Therefore, Plaintiffs' use of the Rosina Marks has been senior to that of Defendant.

## CLAIMS ARISING FROM DEFENDANT'S TRADEMARK USE

**FIRST COUNT**             **FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1))**

26. The foregoing paragraphs in the preceding sections are hereby adopted by reference for the First Count as if fully set forth herein.

27. As Plaintiffs' first cause of action, Plaintiffs allege federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28. The Infringing Marks are nearly identical and/or confusingly similar to the Rosina Marks.

29. Without Plaintiffs' authorization or consent, Defendant has used and continues to use the Infringing Marks to perform the Infringing Conduct.

30. Defendant has engaged in the Infringing Conduct despite having constructive notice of Plaintiffs' federally registered rights under 15 U.S.C. § 1072 and despite having actual knowledge of Plaintiffs' use of the Rosina Marks and its federal registrations since on or before September 17, 2021, when Plaintiffs sent their first correspondence to Defendant requesting that it cease and desist its infringing conduct.

31. Defendant's use of the Infringing Marks in commerce is, or is likely to, confuse and/or mislead the public into concluding that Defendant's goods and/or services originate with, or are authorized by, associated with, or related to, Plaintiffs. Such confusion does, or will, damage both Plaintiffs and the public.

32. Plaintiffs have no control over the quality of goods and/or services sold by Defendant and because of the source confusion caused by Defendant, Plaintiffs have lost control over their valuable goodwill in the Rosina Marks.

33. Upon information and belief, Defendant has advertised and offered its goods and/or

services for sale using the Infringing Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and/or services, and of trading on Plaintiffs' reputation and goodwill in its Rosina Marks. Defendant's use of the Infringing Marks constitutes willful, deliberate, and intentional trademark infringement.

34. Defendant's unauthorized use of the Infringing Marks in commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused, and is likely to continue to cause, consumer confusion, mistake, or deception.

35. As a direct and proximate result of Defendant's trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has, and will continue to, unfairly acquire income, profits, and goodwill.

36. Defendant's acts of infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

37. Plaintiffs have no adequate remedy at law.

**SECOND COUNT**            **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

38. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though set forth fully herein.

39. As Plaintiffs' second cause of action, Plaintiffs allege federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant's Infringing Conduct constitutes the use of false designations of origin or false representations that wrongfully and falsely designate Defendant's goods and/or services as originating from or being connected with Plaintiffs or the Rosina Marks. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

41.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

42.     As a direct and proximate result of Defendant's unfair competition, Plaintiffs have suffered, and will continue to suffer, irreparable loss of income, profits, and/or goodwill, and Defendant has and will continue to unfairly acquire income, profits, and/or goodwill.

43.     Defendant's acts of unfair competition will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

44.     Plaintiffs have no adequate remedy at law.

**THIRD COUNT**          **FEDERAL CYBERSQUATTING UNDER THE LANHAM ACT (15 U.S.C. § 1125(d))**

45.     Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though set forth fully herein.

46.     As Plaintiffs' third cause of action, Plaintiffs allege federal cyberpiracy and/or cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

47.     The Defendants' Website was registered on or around April 8, 2021.  A true and correct copy of this website information according to ICANN is attached as <u>Exhibit E</u>.

48.     Upon information and belief, Defendant has trafficked in Defendant's Website.

49.     Upon information and belief, Defendant has used Defendant's Website.

50.     Plaintiffs' Rosina Marks and website (www.rosina.com) were in use prior to Defendant's registration, trafficking in, or use of Defendant's Website.

51.     Plaintiffs' domain name, www.rosina.com, was registered on or around May 29, 1997. A true and correct copy of this website information according to ICANN is attached as <u>Exhibit F</u>.

24565894.1

52. Plaintiffs' obtained federal registrations to the Rosina Marks prior to Defendant's registration, trafficking in, or use of Defendant's Website.

53. Plaintiff's Rosina Marks were distinctive at the time of Defendant's registration, trafficking in, or use of Defendant's Website.

54. The domain name for Defendant's Website is at least confusingly similar to Plaintiffs' Rosina Marks and its www.rosina.com domain.

55. Upon information and belief, prior to registering, causing to be registered, trafficking in, or using Defendant's Website, Defendant had knowledge of Plaintiffs' prior use of the Rosina Marks and of its www.rosina.com domain.

56. Defendant's Website infringes upon Plaintiffs' prior rights in the Rosina Marks.

57. Upon information and belief, Defendant has, and has had, a bad faith intent to profit upon Plaintiffs' prior rights in the Rosina Mark.

58. Upon information and belief, Defendant has intended, and does intend, to divert customers from Plaintiffs' own domain (www.rosina.com) to the infringing Defendant's Website causing harm to Plaintiffs and the goodwill associated with the Rosina Marks.

59. Continued use of Defendant's Website is likely to cause confusion among consumers interested in engaging Plaintiffs' goods and services in violation of 15 U.S.C. § 1125(d).

60. Defendant's use of Defendant's Website has caused and continues to cause harm to Plaintiffs' goodwill and has created and continues to create a likelihood of confusion among consumers in violation of 15 U.S.C. § 1125(d).

61. Defendant's acts will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

62. Plaintiffs have no adequate remedy at law.

**FOURTH COUNT          COMMON LAW TRADEMARK INFRINGEMENT**

63. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though set forth fully herein.

64. As Plaintiffs' fourth cause of action, Plaintiffs allege common law trademark infringement under Connecticut law.

65. In violation of the common law of the State of Connecticut, Defendant engages, and has engaged, in its Infringing Conduct used the Infringing Marks, which are nearly identical in sight, sound, and meaning to the Rosina Marks. Accordingly, the public will be confused as to the identity and source of the goods and services offered and/or rendered by Defendant.

66. In violation of the common law of the State of Connecticut, Defendant has willfully used and infringed the Rosina Marks in connection with the sale, offering for sale, distribution, or advertising of goods and/or services, including, but not limited to, through the use of Defendant's restaurant and in connection with Defendant's Website. Such use is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin of Defendants goods and/or services.

67. As a direct and proximate result of Defendant's trademark infringement of the Rosina Marks, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

68. Defendant's acts as described above constitute trademark infringement in violation of Plaintiffs' rights under common law of the State of Connecticut.

69. Defendant's acts of infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained from using the Infringing Marks by this Court and from further

24565894.1

violating Plaintiffs' rights in the Rosina Marks.

70. Plaintiffs have no adequate remedy at law.

**FIFTH COUNT**                 **COMMON LAW UNFAIR COMPETITION**

71. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though set forth fully herein.

72. As Plaintiffs' fifth cause of action, Plaintiffs allege common law unfair competition under Connecticut law.

73. In violation of the common law of the State of Connecticut, Defendant has engaged in unfair competition by using the Infringing Marks which are so similar in sight, sound, and meaning to that of the Rosina Marks that the public will be confused as to the identity and source of the goods and services offered and/or rendered.

74. Upon information and belief, Defendant has acted in bad faith, without Plaintiffs' authorization or consent, and with full knowledge of Plaintiffs' valid ownership of, and rights in, the Rosina Marks.

75. Defendant's acts as described above constitute unfair competition in violation of Plaintiffs' rights under common law of the State of Connecticut.

76. As a direct and proximate result of Defendant's trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has, and will continue to, unfairly acquire income, profits, and goodwill.

77. Defendant's acts of infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

78. Plaintiffs have no adequate remedy at law.

**SIXTH COUNT**  **UNFAIR TRADE PRACTICES UNDER "CUTPA"**
**(Conn. Gen. Stat. § 42-110(b))**

79. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though set forth fully herein.

80. As Plaintiffs' sixth cause of action, Plaintiffs allege unfair trade practices under the Connecticut Unfair Trade Practices Act ("CUTPA"), Gen. Stat. § 42-110(b).

81. In violation of CUTPA, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade by using the Infringing Marks which are so similar in sight, sound, and meaning to that of the Rosina Marks that the public will be confused as to the identity and source of the goods and services offered and/or rendered by Defendant and its Infringing Conduct. Defendant's conduct was and is unfair and deceptive, in violation of Section 42-110b of the Connecticut General Statutes.

82. The Defendant's actions, as set forth above, were and are carried out in the conduct of "trade" and "commerce," as defined in Section 42-110a(4) of the Connecticut General Statutes, and were done in the conduct of the Defendant's principal trade or commerce.

83. Upon information and belief, Defendant has acted in bad faith, without Plaintiffs' authorization or consent, and with full knowledge of Plaintiffs' valid ownership of, and rights in, the Rosina Marks.

84. The Defendant's actions, as set forth herein, were and are unfair in violation of Section 42-110b of the Connecticut General Statutes in that they offend public policy as it has been established by statutes (as set forth above), the common law, or otherwise; were within at least the penumbra of some common-law, statutory or other established concept of unfairness; were immoral, unethical, oppressive, or unscrupulous; and caused substantial injury to the Plaintiffs which the Plaintiffs could not reasonably have avoided and which were not outweighed

by any countervailing benefits to consumers or competition.

85. Defendant's acts as described above constitute unfair trade practices in violation of Plaintiffs' rights under CUTPA.

86. As a direct and proximate result of Defendant's unfair trade practices, Plaintiffs have suffered and will continue to suffer ascertainable loss of money and property, including irreparable loss of income, profits, and goodwill and Defendant has, and will continue to, unfairly acquire income, profits, and goodwill.

87. Defendant's acts of infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

88. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' respectfully request that the Court grant the following relief:

A. Entering a judgment that the Rosina Marks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B. Entering a judgment that Defendant's use of the Infringing Marks constitutes federal unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendant's use of Defendant's Website constitutes federal cybersquatting and/or cyberpiracy in violation of 15 U.S.C. § 1125(d);

D. Entering a judgment that Defendant's use of the Infringing Marks constitutes common law trademark infringement and common law and statutory unfair competition under Connecticut law;

E. Permanently enjoining and restraining Defendant and each of its owners, managers, agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the Infringing Marks, with or without any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's goods and/or services where that designation would create a likelihood of confusion, mistake, or deception with the Rosina Marks;

F. Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report

        in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.     Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, websites, and other material in their possession, custody, or control bearing the infringing designation;

H.     Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its Infringing Marks or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with the Rosina Marks;

I.     Directing Defendant to transfer ownership and control of Defendant's Website domain to Plaintiffs;

J.     Awarding Plaintiffs all damages sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

K.     Awarding Plaintiffs all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

L.     Statutory punitive damages, pursuant to Section 42-110g(a) of the Connecticut General Statutes, with respect to Count 6;

M.     Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 as well as Section 42-110g(d) of the Connecticut General Statutes; and

N.     Granting Plaintiffs such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

                        PLAINTIFFS –
                        ROSINA FOOD PRODUCTS, INC. and
                        F&R IP INC.

                        By: /s/ Daniel P. Elliott
                        Daniel P. Elliott (ct28058)
                        Barclay Damon LLP
                        545 Long Wharf Drive, Ninth Floor
                        New Haven, Connecticut 06511
                        Telephone: (203) 672-2658
                        Fax: (203) 654-3249
                        delliott@barclaydamon.com
                        *Their Attorneys*

*Of Counsel:*

John D. Cook
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2885
jcook@barclaydamon.com

-and-

Jeffrey M. Koegel
Barclay Damon LLP
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone: (585) 295-4464
jkoegel@barclaydamon.com