GILBRIDE, TUSA, LAST & SPELLANE, LLC
Todd. S. Sharinn (TS0581)
1011 High Ridge Road, Suite 305
Stamford, CT 06905
Telephone: (203) 295-7045
Facsimile:  (203) 295-7517
tss@gtlslaw.com
*Attorneys for Defendant*
*Rosina's Mill Street LLC.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------- x
                                 :    Case No.:  **3:22-cv-00684-VAB**

**ROSINA FOOD PRODUCTS, INC., and**
**F&R IP INC.,**                       :

                **Plaintiffs,**      :    **ANSWER, AFFIRMATIVE**
                                   :    **DEFENSES, AND**
             **v.:**                   :    **COUNTERCLAIMS**
                                   :
**ROSINA'S MILL STREET LLC d/b/a**    :    **JURY TRIAL DEMANDED**
**ROSINA'S RESTAURANT AND BAR,**    :
               **Defendant.**      :
---------------------------------------------------------- x
                                   :

**ROSINA'S MILL STREET LLC d/b/a**    :
**ROSINA'S RESTAURANT AND BAR,**    :
             **Counterclaimant,**    :
                                   :
            **v.**                    :
**ROSINA FOOD PRODUCTS, INC., and**    :
**F&R IP INC.,**                       :
          **Counterclaim Defendants.**   :
---------------------------------------------------------- x

       Defendant Rosina's Mill Street LLC ("Rosina's Restaurant" or "Restaurant" or

"Defendant") by and through its attorneys, hereby Answers the Complaint and alleges as and for

its Affirmative Defenses and Counterclaims against Plaintiffs Rosina Food Products, Inc.

("Rosina Frozen Food") and F&R IP Inc. ("F&R IP" and collectively as "Plaintiffs" or "F&R")

as follows:

**Answer to the Allegations in the Section Titled "Nature of Action"**

1.      Paragraph 1 is a characterization of the lawsuit and thus does not contain factual allegations to which an Answer is required.

**Answer to the Allegations in the Section Titled "Parties"**

2.      Rosina's Restaurant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, except that Plaintiff admits that an entity identified as F&R IP is the apparent owner of US federal trademark registrations 1,584,904, 4,350,542, and 6,123,358.  Ownership by F&R of common-law trademark rights is a conclusion to which no responsive pleading is required, but to the extent so required is denied.

3.      Rosina's Restaurant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4.      Rosina's Restaurant admits the allegations in Paragraph 4 of the Complaint.

5.      Rosina's Restaurant admits the allegations in Paragraph 5 of the Complaint.

6.      Rosina's Restaurant admits the allegations in Paragraph 6 of the Complaint.

7.      Rosina's Restaurant admits that it is domiciled in this District.  Rosina's Restaurant denies that it has committed any acts of trademark infringement and/or unfair competition within this or any other District.  The remainder of the allegations of Paragraph 7 of the Complaint are conclusions to which no responsive pleading is required, but to the extent so required is denied.

8.      Rosina's Restaurant admits the allegations in Paragraph 8 of the Complaint.

**Answer to the Allegations in the Section Titled "Factual Allegations"**

9.      Rosina's Restaurant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.    Rosina's Restaurant denies that F&R's "Rosina brand" has become known nationwide at all, and denies that it has become known nationwide as signifying anything in particular, and leaves Plaintiff to its proofs.  Rosina's Restaurant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint.

The Complaint of F&R includes at Paragraph 10 four images without reference, introduction, or relevant text.  Rosina's Restaurant does not understand the images to be allegations and therefore makes no responsive pleading; to the extent these images are meant to be a proffer of evidence, Rosina's Restaurant does not accept the evidence or waive any of its possible objections thereto.

11.    Rosina's Restaurant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12.    Rosina's Restaurant admits that an entity identified as F&R IP is the apparent owner (subject to a security interest) of US federal trademark registration 1,584,904, issued on the date alleged.  Rosina's Restaurant denies that the registration covers "a range of goods, including" those listed in the allegation, in so far as that language implies there are other goods, not listed in the allegation, that are also covered.  Rosina's Restaurant denies that the "right to use this trademark has become incontestable" as that is an incomplete and misleading characterization of the provisions of the relevant statute.

13.    Rosina's Restaurant admits that an entity identified as F&R IP is the apparent owner (subject to a security interest) of US federal trademark registration 4,350,542, issued on the date alleged.  Rosina's Restaurant denies that the registration covers "a range of goods, including" those listed in the allegation, in so far as that language implies there are other goods, not listed in the allegation, that are also covered.  Rosina's Restaurant denies that the "right to

use this trademark has become incontestable" as that is an incomplete and misleading characterization of the provisions of the relevant statute.

14.     Rosina's Restaurant admits that an entity identified as F&R IP is the apparent owner of US federal trademark registration 6,123,358, issued on the date alleged.  Rosina's Restaurant admits the remaining allegations in Paragraph 14 of the Complaint.

15.     Rosina's Restaurant denies the allegations in Paragraph 15 of the Complaint.

16.     Rosina's Restaurant denies the allegations in Paragraph 16 of the Complaint.

17.     Rosina's Restaurant denies the allegations in Paragraph 17 of the Complaint.

18.     Rosina's Restaurant denies the allegations in Paragraph 18 of the Complaint.

19.     Rosina's Restaurant denies the allegations in Paragraph 19 of the Complaint.

20.     Rosina's Restaurant denies the allegations in Paragraph 20 of the Complaint.

21.     The allegation in Paragraph 21of the Complaint is a conclusion of law to which no responsive pleading is required, but to the extent so required is denied

22.     As to the allegations in Paragraph 22 of the Complaint: Rosina's Restaurant denies the existence of F&R's "established rights" in the disputed marks.  Rosina's Restaurant admits that it did not seek the approval or consent of F&R.  The allegations as to similarity are legal conclusions to which no responsive pleading is required, but to the extent so required are denied.

Rosina's Restaurant rejects the use by F&R of the phrases "Infringing Marks" and "Infringing Conduct," in so far as the question of infringement is a conclusion of law to which no responsive pleading is required, but to the extent required the implicit allegations are denied.

Rosina's Restaurant admits that it uses the terms ROSINA'S and ROSINA'S

4

RESTAURANT AND BAR (collectively, the "Non-Infringing Marks") in connection with the provision of restaurant services, etc. (collectively, the "Legal and Non-Infringing Conduct.")

23.    Rosina's Restaurant denies the allegation of Paragraph 23 with respect to the domain name there mentioned, as the use of any mark in a domain name is not "use in commerce" thereof.  Rosina's Restaurant admits the ownership and operation of the website indicated, for its Legal and Non-Infringing Conduct.

24.    Except for the term "Infringing Marks," as noted above, Rosina's Restaurant admits that the images are from the website indicated.

25.    The allegations in Paragraph 25 of the Complaint are conclusions to which no responsive pleading is required, but to the extent so required are denied.

### Answer to the Allegations in the Section Titled "First Count, Federal Trademark Infringement (15 U.S.C. § 1114(1))"

26.    The foregoing paragraphs are incorporated as if fully set forth herein.

27.    Paragraph 27 of the Complaint is a characterization of the cause of action, to which no responsive pleading is required.

28.    Rosina's Restaurant denies the allegations in Paragraph 28 of the Complaint.

29.    Rosina's Restaurant denies the allegations in Paragraph 29 of the Complaint.

30.    Rosina's Restaurant denies the allegations in Paragraph 30 of the Complaint.

31.    Rosina's Restaurant denies the allegations in Paragraph 31 of the Complaint.

32.    Rosina's Restaurant denies the allegations of Paragraph 32 of the Complaint, except that it admits that F&R has no control over the quality of goods and/or services sold by Rosina's Restaurant.

33.    Rosina's Restaurant denies the allegations in Paragraph 33 of the Complaint.

34.    Rosina's Restaurant denies the allegations in Paragraph 34 of the Complaint.

35.   Rosina's Restaurant denies the allegations in Paragraph 35 of the Complaint.

36.   Rosina's Restaurant denies the allegations in Paragraph 36 of the Complaint.

37.   Rosina's Restaurant denies the allegations in Paragraph 37 of the Complaint.

**Answer to the Allegations in the Section Titled
"Second Count, Federal Unfair Competition and False
Designation of Origin (15 U.S.C. § 1125(a))"**

38.   The foregoing paragraphs are incorporated as if fully set forth herein.

39.   Paragraph 39 of the Complaint is a characterization of the cause of action, to which no responsive pleading is required.

40.   Rosina's Restaurant denies the allegations in Paragraph 40 of the Complaint.

41.   Rosina's Restaurant denies the allegations in Paragraph 41 of the Complaint.

42.   Rosina's Restaurant denies the allegations in Paragraph 42 of the Complaint.

43.   Rosina's Restaurant denies the allegations in Paragraph 43 of the Complaint.

44.   Rosina's Restaurant denies the allegations in Paragraph 44 of the Complaint.

**Answer to the Allegations in the Section Titled
"Third Count, Federal Cybersquatting Under the Lanham Act (15 U.S.C. § 1125(d))"**

45.   The foregoing paragraphs are incorporated as if fully set forth herein.

46.   Paragraph 46 of the Complaint is a characterization of the cause of action, to which no responsive pleading is required.

47.   Rosina's Restaurant admits the allegations in Paragraph 47 of the Complaint.

48.   Rosina's Restaurant denies the allegations in Paragraph 48 of the Complaint.

49.   Rosina's Restaurant admits the allegations in Paragraph 49 of the Complaint.

50.   Rosina's Restaurant denies the allegations in Paragraph 50 of the Complaint.

51.   Rosina's Restaurant admits the allegations in Paragraph 51 of the Complaint.

52.   Rosina's Restaurant denies the allegations in Paragraph 52 of the Complaint.

53.   Rosina's Restaurant denies the allegations in Paragraph 53 of the Complaint.

54.   Rosina's Restaurant denies the allegations in Paragraph 54 of the Complaint.

55.   Rosina's Restaurant denies the allegations in Paragraph 55 of the Complaint.

56.   Rosina's Restaurant denies the allegations in Paragraph 56 of the Complaint.

57.   Rosina's Restaurant denies the allegations in Paragraph 57 of the Complaint.

58.   Rosina's Restaurant denies the allegations in Paragraph 58 of the Complaint.

59.   Rosina's Restaurant denies the allegations in Paragraph 59 of the Complaint.

60.   Rosina's Restaurant denies the allegations in Paragraph 60 of the Complaint.

61.   Rosina's Restaurant denies the allegations in Paragraph 61 of the Complaint.

62.   Rosina's Restaurant denies the allegations in Paragraph 62 of the Complaint.

**Answer to the Allegations in the Section Titled**
**"Fourth Count, Common Law Trademark Infringement"**

63.   The foregoing paragraphs are incorporated as if fully set forth herein.

64.   Paragraph 64 of the Complaint is a characterization of the cause of action, to which no responsive pleading is required.

65.   Rosina's Restaurant denies the allegations in Paragraph 65 of the Complaint.

66.   Rosina's Restaurant denies the allegations in Paragraph 66 of the Complaint.

67.   Rosina's Restaurant denies the allegations in Paragraph 67 of the Complaint.

68.   Rosina's Restaurant denies the allegations in Paragraph 68 of the Complaint.

69.   Rosina's Restaurant denies the allegations in Paragraph 69 of the Complaint.

70.   Rosina's Restaurant denies the allegations in Paragraph 70 of the Complaint.

**Answer to the Allegations in the Section Titled**
**"Fifth Count, Common Law Unfair Competition"**

71.   The foregoing paragraphs are incorporated as if fully set forth herein.

72.     Paragraph 72 of the Complaint is a characterization of the cause of action, to which no responsive pleading is required

73.     Rosina's Restaurant denies the allegations in Paragraph 73 of the Complaint.

74.     Rosina's Restaurant denies the allegations in Paragraph 74 of the Complaint.

75.     Rosina's Restaurant denies the allegations in Paragraph 75 of the Complaint.

76.     Rosina's Restaurant denies the allegations in Paragraph 76 of the Complaint.

77.     Rosina's Restaurant denies the allegations in Paragraph 77 of the Complaint.

78.     Rosina's Restaurant denies the allegations in Paragraph 78 of the Complaint.

**Answer to the Allegations in the Section Titled**
**"Sixth Count, Unfair Trade Practices Under 'CUTPA' (Conn. Gen. Stat. § 42-110(b))"**

79.     The foregoing paragraphs are incorporated as if fully set forth herein.

80.     Paragraph 80 of the Complaint is a characterization of the cause of action, to which no responsive pleading is required.

81.     Rosina's Restaurant denies the allegations in Paragraph 81 of the Complaint.

82.     Rosina's Restaurant denies the allegations in Paragraph 82 of the Complaint.

83.     Rosina's Restaurant denies the allegations in Paragraph 83 of the Complaint.

84.     Rosina's Restaurant denies the allegations in Paragraph 84 of the Complaint.

85.     Rosina's Restaurant denies the allegations in Paragraph 85 of the Complaint.

86.     Rosina's Restaurant denies the allegations in Paragraph 86 of the Complaint.

87.     Rosina's Restaurant denies the allegations in Paragraph 87 of the Complaint.

88.     Rosina's Restaurant denies the allegations in Paragraph 88 of the Complaint.

**Answer to the Allegations in the Section Titled "PRAYER FOR RELIEF"**

The "Prayer for Relief" section of the Complaint requires no response. To the extent any response is required, Rosina's Restaurant denies that F&R is entitled to the relief sought and

denies any allegations in that section of the Complaint. Rosina's Restaurant denies all allegations in the Complaint not specifically addressed above in Paragraphs 1 through 88 of this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

In support of each of the Affirmative Defenses presented below, Rosina's Restaurant repeats and re-alleges each of the responses to the allegations in the Complaint set forth above and, to the extent necessary, incorporates the allegations made in the Counterclaim section below.

### FIRST AFFIRMATIVE DEFENSE

89.    F&R's claims against Rosina's Restaurant are barred, in whole or in part, based on F&R's failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

90.    F&R's claims against Rosina's Restaurant are barred, in whole or in part, because any infringement by Rosina's Restaurant, which is specifically denied, was innocent.

### THIRD AFFIRMATIVE DEFENSE

91.    F&R's claims against Rosina's Restaurant are barred, in whole or in part, by the doctrines of trademark misuse and unclean hands, including F&R's use of its purported trademarks as instruments of, or in aid of, violations of the antitrust laws.

### FOURTH AFFIRMATIVE DEFENSE

92.    F&R's claims against Rosina's Restaurant are barred, in whole or in part, based on F&R's and/or its predecessor's failure to enforce its marks.

### FIFTH AFFIRMATIVE DEFENSE

93.    F&R's claims against Rosina's Restaurant are barred, in whole or in part, because F&R's does not have valid enforceable rights in its purported trademarks and/or F&R's purported trademarks are not protectible as trademarks.

## SIXTH AFFIRMATIVE DEFENSE

94.    F&R's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, acquiescence, or some combination of these.

## SEVENTH AFFIRMATIVE DEFENSE

95.    F&R has failed to mitigate its damages, if any, and recovery should be reduced or denied accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

96.    F&R's claims are barred because the injuries alleged by F&R, to the extent any exist, were caused, in whole or in part, by intervening causes or superseding causes, unrelated to the alleged conduct of Rosina's Restaurant, by the conduct of third parties for whom Rosina's Restaurant was not responsible, through forces in the marketplace over which Rosina's Restaurant has no control, or through acts or omissions by F&R accordingly.

## NINTH AFFIRMATIVE DEFENSE

97.    F&R's claims are barred, in whole or in part, because any recovery to F&R would unjustly enrich F&R.

## TENTH AFFIRMATIVE DEFENSE

98.    F&R's claims are barred because they are attempting to misuse their registered trademarks in an oppressive manner.

## ELEVENTH AFFIRMATIVE DEFENSE

99.    Rosina Restaurant has priority of rights in the relevant marks over F&R.

## <u>COUNTERCLAIMS</u>

100.  Rosina's Mill Street LLC ("Rosina's Restaurant" or "Restaurant"), by and through its attorneys, hereby Counterclaims against Rosina Food Products, Inc. ("Rosina Frozen

Food") and F&R IP Inc. ("F&R IP" and collectively with Rosina Frozen Food as "F&R") as follows:

101.  In its capacity as Counterclaimant, Rosina's Restaurant hereby repeats, realleges, and incorporates by reference all of the Answers and Affirmative Defenses asserted above as if fully set forth herein.

## PARTIES

102.  F&R IP Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 170 French Road, Buffalo, New York.

103.  Rosina Food Products, Inc. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 170 French Road, Buffalo, New York.

104.  F&R is in the business of manufacturing, distributing, and selling a variety of frozen or pre-packaged Italian-style food products.

105.  On information and belief: F&R sells or distributes its goods to many different outlets in Connecticut; F&R regularly does or solicits business in Connecticut; and F&R derives substantial revenue from goods consumed in Connecticut.

106.  Further, F&R initiated the instant suit.  F&R should reasonably expect that act to have consequences in Connecticut.

107.  F&R does not operate any restaurants and does not sell any freshly prepared Italian-style food products.

108.  Rosina's Mill Street LLC ("Rosina's Restaurant") is a limited liability company organized and existing under the laws of the State of Connecticut, with a place of business at 230 Mill Street, Greenwich, Connecticut.

11

## JURISDICTION AND VENUE

109.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

110.  This Court has personal jurisdiction over the parties because the causes of action herein relate to F&R's contacts with Connecticut, and because F&R's actions caused injury to Rosina's Restaurant within Connecticut, and F&R regularly does business in Connecticut, derives substantial revenue from interstate commerce and should have reasonably expected its pre-litigation enforcement efforts and the act of bringing the initial suit against Rosina's Restaurant in Connecticut to have consequences in this State.

111.  Venue is properly laid in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO THE ANSWER, COUNTERCLAIMS, AND DEFENSES

**History of Rosina's Restaurant:**

112.  Rosina Gabriele Carpinteri ("Grandma Rosina") was born Rosina Gabriele in 1929.  A copy of her birth certificate is included herewith as Exhibit A.

113.  Grandma Rosina immigrated to the US from Italy in 1950; at her death in 2020, she was the matriarch of a family of five married children, eleven grandchildren, and seventeen great-grandchildren.

114.  Grandma Rosina enjoyed little more than her family, her garden, and her cooking.  One of her favorite things was cooking food *from* her garden *for* her family.

115.  Grandma Rosina lived much of her life, and eventually passed away in 2021, about a mile from the location of Rosina's Restaurant.

116.  Rosina's Restaurant asserts with confidence that in that neighborhood, at least, when anyone mentioned "Rosina" in connection with Italian food of any sort, they were referring to Grandma Rosina and not F&R's products.

117.  Rosina's Restaurant was founded in August 2021 by a partnership including Grandma Rosina's son Frank Carpinteri and her grandson-by-marriage Coby Blount.

118.  Rosina's Restaurant was named for Grandma Rosina and operates in large measure as a tribute and memorial to her.

119.  Pictures of Grandma Rosina and her extended family are prominently displayed in the restaurant.  Examples of that display are included herewith as Exhibit B.

120.  An image of Grandma Rosina similarly appears on Rosina's Restaurant's website; she can be seen in Exhibit D to F&R's Complaint (Dkt # 6, pp.12-13).

121.  Since it opened, Rosina's Restaurant has been serving local clientele delicious food with good service in the Greenwich area.

122.  No customers or clients come to Rosina's Restaurant with the expectation of being served any frozen or prepackaged goods, including those of F&R; no customers order food from the website of Rosina's Restaurant with any expectation of being served frozen or prepackaged goods, including those of F&R.

123.  Many, if not most, of the dishes served at Rosina's Restaurant are prepared from Grandma Rosina's recipes, or variations on those recipes.

124.  Rosina's Restaurant's has a website, on which it has its menu, and from which local Greenwich clients can order food for take-out/pickup.

125.  Rosina's Restaurant registered its domain name and created its website in order to market and promote its restaurant and fresh food service and to make available to its customers pre-ordering or pickup/take-out services.

126.  Rosina's Restaurant has never offered, and has no current intention to offer the domain name to F&R, for any amount of money.

127.   Rosina's Restaurant did not register the domain in order to stop F&R from conducting its business, or to divert traffic from F&R's websites, or to interfere with or disrupt F&R in any other manner.

128.   There is nothing on Rosina's Restaurant's website that could confuse visitors as to the ownership or management of the site by anyone other than Rosina's Restaurant.

**Pre-litigation Communications by F&R:**

129.   Over the course of some months prior to the initiation of the instant suit by F&R, there was an exchange of correspondence between the parties.

130.   That correspondence was initiated by F&R, with an initial "cease and desist" letter.

131.   Throughout that exchange, F&R insisted, repeatedly and unreasonably, that Rosina's Restaurant had to immediately comply with F&R's demands, accompanied by escalating threats of litigation and the possible dire consequences for a failure to comply.

132.   F&R's bullying was without regard to the limitations of their alleged trademark rights, of which they were certainly and acutely aware.

**F&R's Awareness of the Difference in Channels of Trade:**

133.   In 2016, F&R initiated a federal suit in the District of New Jersey, captioned Rosina Food Products Inc. v. Mama Rosina's and Kim Figueroa (3:16-cv-04772) (the "NJ Restaurant suit").

134.   The claims made by F&R in the NJ Restaurant suit were quite similar in many respects to those made by F&R in the instant suit, and that suit is premised on two of the three registrations on which F&R relies in the instant suit.

14

135.  The gravamen of the NJ Restaurant suit was essentially the same as that of the instant suit, the only significant difference being that the instant suit does not entail any claims predicated on trade dress infringement.

136.  The NJ Restaurant suit settled, and the Consent Judgement (the "NJ Consent Judgement"), included herewith as Exhibit C, was entered on the public record (Document #27 in that case).

137.  That Consent Judgement in that case required a payment by those defendants and the adoption of a disclaimer ("Not Affiliated with Rosina Food Products, Inc."); the complaint was dismissed with prejudice as to all other relief, with F&R's consent.

138.  That Consent Judgment demonstrates clearly that (a) there is no legitimate likelihood of confusion between ROSINA'S used in connection with restaurant services and ROSINA for packaged and frozen food; and (b) that F&R is well aware of that fact.

**The Explicit Limitations of F&R's Alleged Trademarks:**

139.  In approximately 2010, F&R applied for the federal registration which eventually matured into US Reg. No. 4,350,542, cited and included in the Complaint at ¶ 13 and Exhibit B thereto.

140.  Apparently, F&R wanted to update its logo to include the surrounding oval.

141.  In the course of reviewing that application, the Examiner rejected the application of F&R, citing a likelihood of confusion with a pre-existing ROSINA mark for, "bottled peppers, processed onions, processed artichoke hearts, processed peperoncini [sic], processed lupini beans, and giardiniera," summarized as "processed vegetables."

142.  F&R argued in response three main points: first, that ROSINA was a diluted mark, entitled to only narrow protection; second that the goods were not related; and third that the absence of any actual confusion was persuasive that there was no likelihood of confusion.

15

143.  F&R signed and submitted on the public record a Consent Agreement, included herewith as Exhibit D, (the "2012 Consent Letter") *explicitly* conceding that the then-registered ROSINA marks covering "prepared food products, such as frozen and packaged pastas, meats and vegetables, typically sold in the frozen food section of retail grocery markets…." were **NOT** likely to be confused with the ROSINA word mark covering the various oils and processed foods sold "on the wholesale level and in various types of retail outlets."

144.  In the 2012 Consent Letter, F&R made clear on the public record that whatever its alleged trademark rights in the ROSINA term, those rights were narrowed in scope, covering the goods described in the applications and the channels of trade in which those goods are found.

145.  F&R now comes before the Court, without irony or shame, claiming exactly the opposite, to wit, that its alleged rights to ROSINA in the world of packaged or frozen foods should be extended to prevent the use of ROSINA in connection with a local restaurant and freshly prepared foods.

146.  F&R, under the circumstances that would allow its registration, asserted that its alleged ROSINA rights were narrow, but under the instant circumstances seeks to broaden those rights.

147.  F&R, under the circumstances that would support its application, asserted that its channel of trade was limited to the frozen food section of retail grocery markets, but under the current circumstances would assert that retail restaurants are a competitive channel of trade.

148.  There have been no instances of any consumer confusion between the services of Rosina's Restaurant and the frozen and packaged products of F&R.

149.  F&R's intention in filing this suit is to extend the reach of its alleged trademark rights to "all Italian food" or "all Italian eateries" or some similarly broad category of goods and services.

16

150. F&R's intention in filing this suit is to use its alleged trademark rights to control industry sectors outside of its scope of business.

151. F&R is attempting to use the shield of trademark as a sword to prevent use of its alleged marks in channels of trade in which F&R has no business or relevance, or perhaps more accurately as a bludgeon with which to threaten and harass innocent users of the ROSINA term.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

152. Rosina's Restaurant hereby repeats, re-alleges, and incorporates by reference each of the allegations presented in paragraphs 100 through 151 of this Answer, as if fully set forth herein.

153. Whatever protection afforded to F&R by its alleged trademarks does not extend to cover the use made by Rosina's Restaurant of the ROSINA'S term in connection with its local, fresh food and restaurant services.

154. Rosina's Restaurant and F&R offer their respective goods and services to different customers, in different channels of trade, in essentially different markets; F&R's alleged trademark rights, if any, are particularly narrow, and Rosina's Restaurant's customers are careful and relatively sophisticated.

155. There have been no instances of actual confusion between the marks.

156. There is no likelihood of confusion between the marks.

157. Rosina's Restaurant is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark or trade dress owned by F&R, whether under federal or common law.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

158.  Rosina's Restaurant hereby repeats, re-alleges, and incorporates by reference each of the allegations presented in paragraphs 100 through 157 of this Answer, as if fully set forth herein.

159.  Rosina's Restaurant has not engaged in any passing-off, infringement, or any other deceptive or unfair practices with regard to its use of ROSINA'S in connection with its offer of services.

160.  Rosina's Restaurant is entitled to declaratory judgment that it has not engaged in any form of unfair competition under federal law, including 15 U.S.C. § 1125 et seq., under common law, or under the Connecticut law, including CUTPA Gen. Stat. § 42-110(b), either directly or indirectly.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO CYBERSQUATTING

161.  Rosina's Restaurant hereby repeats, re-alleges, and incorporates by reference each of the allegations presented in paragraphs 100 through 160 of this Answer, as if fully set forth herein.

162.  Rosina's Restaurant is entitled to declaratory judgment that it has not engaged in Cybersquatting under the ACPA (15 U.S.C. § 1125(d)).

## FOURTH COUNTERCLAIM
## UNFAIR TRADE PRACTICES UNDER "CUTPA"
## (Conn. Gen. Stat. § 42-110(b))

163.  Rosina's Restaurant hereby repeats, re-alleges, and incorporates by reference each of the allegations presented in paragraphs 100 through 162 of this Answer, as if fully set forth herein.

164.   In light of the NJ Consent Judgement and the 2012 Consent Letter, as well as the other facts and circumstances known to F&R, at the time of filing the instant action F&R knew or should have known that it was seeking to enforce its alleged trademarks beyond what the law might reasonably be interpreted to allow.

165.   F&R knew or should have known that it was using its alleged trademark rights merely to harass and intimidate Rosina's Restaurant, beyond the reasonable scope of the law.

166.   F&R, by filing this suit, has undertaken enforcement measures based on an unreasonable interpretation of the scope of its alleged rights, for the purpose of intimidating Rosina's Restaurant into compliance with F&R's demands.

167.   F&R's efforts to enforce its alleged trademark rights, including any pre-filing demand letters and the filing of the instant suit, were carried out in the conduct of trade or commerce as that term is defined in the Connecticut statutes.

168.   F&R's actions are unfair in that they offend public policy as established by statute, common law, or otherwise, and are within the penumbra of some common-law, statutory, or other established concept of unfairness; or those actions were immoral, unethical, oppressive, or unscrupulous.

169.   F&R's actions have caused substantial unavoidable injury to Rosina's Restaurant, without any benefit to consumers or competition.

170.   F&R's actions in this regard have been undertaken with knowledge and in bad faith.

171.   F&R's actions as set forth herein constitute unfair trade practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

172.   F&R's actions have directly and proximately caused harm and damage to Rosina's Restaurant.

173.  Rosina's Restaurant has no adequate remedy at law.

## FIFTH COUNTERCLAIM
## TRADEMARK BULLYING – COMMON LAW UNFAIR COMPETITION

174.  Rosina's Restaurant hereby repeats, re-alleges, and incorporates by reference each of the allegations presented in paragraphs 100 through 173 of this Answer, as if fully set forth herein.

175.  By its actions in bringing this suit and its pre-litigation efforts to enforce its alleged trademark rights, F&R seeks to extend its alleged trademark rights well beyond what the law might reasonably contemplate, and to harass and intimidate Rosina's Restaurant into compliance with F&R's desires, beyond the reasonable scope of the relevant law.

176.  Such abusive litigation tactics ("trademark bullying") by F&R constitute unfair competition in violation of the common law of the State of Connecticut.

177.  Rosina's Restaurant has been directly and proximately harmed thereby.

178.  Rosina's Restaurant has no adequate remedy at law.

## SIXTH COUNTERCLAIM
## ANTICOMPETITIVE TRADEMARK MISUSE

179.  Rosina's Restaurant hereby repeats, re-alleges, and incorporates by reference each of the allegations presented in paragraphs 100 through 178 of this Answer, as if fully set forth herein.

180.  F&R, by this action, is attempting to extend its alleged trademark rights over a fairly common term, to wit, ROSINA, well beyond the reasonable scope of the law.

181.  To the extent it is determined that the restaurant and fresh foods industry is competitive to the frozen and packaged foods industry, F&R seeks by this action to protect some level of exclusivity in those markets, rather than the integrity of its alleged trademarks.

182.   F&R's actions thereby seek to enforce the alleged marks in an anticompetitive and monopolistic manner.

## **COUNTERCLAIMANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Rosina's Mill Street LLC requests that this Court:

A.   Dismiss the Complaint in this action in its entirety;

B.   Enter judgment in favor of Defendant Rosina's Mill Street LLC and against F&R for all relief sought in the Complaint;

C.   Enter declaratory judgment in favor of the Defendant of non-infringement and no unfair competition;

D.   Enter a declaratory judgment in favor of the Defendant of no cybersquatting;

E.   Cancel F&R's trademark registrations;

F.   Enter a judgment limiting F&R's trademark rights such that Rosina's Restaurant is given a geographic area in which to operate unimpeded, encompassing the state of Connecticut and including a reasonable zone of expansion.

G.   Enter a declaratory judgment that the alleged F&R trademarks are invalid or at least unenforceable against Rosina's Restaurant;

H.   Enter a declaratory judgment that the US federal trademark registrations numbered 1,584,904 and 4,350,542 are no longer "incontestable" per the statute, pursuant to 15 U.S.C. § 1115(b)(7).

I.   Enjoin Plaintiffs, their officers, agents, servants, affiliates, employees, attorneys, and representatives and all those in privity with or acting in concert with Plaintiffs be permanently enjoined from directly or indirectly asserting trademark infringement or threatening trademark infringement enforcement against Defendant or any of its affiliates or customers for the provision of its restaurant or fresh food services.

J.   Award Defendant damages in the amount to be determined at trial; and

K.   Award Defendant its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 as the prevailing party based on, *inter alia*, Plaintiffs' unclean hands and abuse of trademark.

**JURY DEMAND**

Pursuant to Federal Rule 38(b), Counterclaimant Rosina's Restaurant hereby demands a jury trial on all issues so triable that are raised by these Counterclaims.


Dated: July 20, 2022                              Respectfully submitted,


                                                  **GILBRIDE, TUSA LAST & SPELLANE LLC**
                                                  *Attorneys for Plaintiff*


                                                  By: _____
                                                       Todd S. Sharinn (TS0581)
                                                       1011 High Ridge Road, Suite 305
                                                       Stamford, CT 06905
                                                       Telephone: (203) 542-8418
                                                       Facsimile: (203) 622-9392
                                                       tss@gtlslaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------ x
                                              :      Case No.:  3:22-cv-00684-VAB
ROSINA FOOD PRODUCTS, INC., and               :
F&R IP INC.,                                  :
                   Plaintiffs and             :
            Counterclaim Defendants,          :
                                              :
            v.:                               :
                                              :
ROSINA'S MILL STREET LLC d/b/a                :
ROSINA'S RESTAURANT AND BAR,                  :
                   Defendant and              :
                   Counterclaimant.           :
------------------------------------------------------ x
```

## CERTIFICATE OF SERVICE

On the date noted below, a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaims of Rosina's Mill Street LLC and the Exhibits thereto were filed electronically through the Court CM/ECF system, and served by email and either USPS or private courier to anyone unable to accept electronic filings through the ECF system.  Notice of this filing will be sent through the ECF system or by email and by USPS or private courier to anyone unable to accept notice from the ECF system.

Dated: July 20, 2022                        Respectfully submitted,

                                            **GILBRIDE, TUSA LAST & SPELLANE LLC**
                                            *Attorneys for Rosina's Mill Street LLC.*

                                            By: _____
                                                Todd S. Sharinn (TS0581)
                                                1011 High Ridge Road, Suite 305
                                                Stamford, CT 06905
                                                Telephone: (203) 542-8418
                                                Facsimile: (203) 622-9392
                                                tss@gtlslaw.com