**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROSINA FOOD PRODUCTS, INC., and F&R IP INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR, <br><br> Defendant. <br><br> ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR, <br><br> Counterclaimant, <br><br> v. <br><br> ROSINA FOOD PRODUCTS, INC., and F&R IP INC., <br><br> Counterclaim Defendants, | Civil Action No. 3:22-cv-00684-VAB |

## **PLAINTIFFS' ANSWER TO THE COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants, Rosina Food Products, Inc. ("Rosina") and F&R IP Inc. ("F&R") (collectively, "Plaintiffs"), by and through their attorneys, Barclay Damon LLP, as and for their Answer to the Counterclaims of Defendant/Counterclaimant, Rosina's Mill Street LLC dba Rosina's Restaurant and Bar (the "Counterclaims"), allege as follows:

100. Plaintiffs state that paragraph 100 of the Counterclaims is a statement to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 100 of the Counterclaims.

101. Plaintiffs state that paragraph 101 of the Counterclaims is a statement to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained

in paragraph 101 of the Counterclaims.

## PARTIES

102. Plaintiffs admit the allegations contained in paragraph 102 of the Counterclaims.

103. Plaintiffs admit the allegations contained in paragraph 103 of the Counterclaims.

104. Plaintiffs admit that Rosina is in the business of manufacturing, distributing, and selling a wide variety of Italian-style food products, but otherwise deny the allegations contained in paragraph 104 of the Counterclaims.

105. Plaintiffs admit that Rosina sells and/or distributes its products to outlets in Connecticut (and its customers located in other states may do so as well), regularly does or solicits business in Connecticut, and derives revenues from products consumed in Connecticut, but otherwise deny the allegations contained in paragraph 105 of the Counterclaims.

106. Plaintiffs admit that they commenced this case, but otherwise deny the remaining allegations contained in paragraph 106 of the Counterclaims.

107. Plaintiffs admit that they do not operate any restaurants, but otherwise deny the remaining allegations contained in paragraph 107 of the Counterclaims.

108. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 108 of the Counterclaims, and therefore deny them.

## JURISDICTION AND VENUE

109. Plaintiffs state that paragraph 109 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 109 of the Counterclaims.

110. Plaintiffs state that paragraph 110 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 110 of the Counterclaims.

111. Plaintiffs admit the allegations contained in paragraph 111 of the Counterclaims.

**FACTS COMMON TO THE ANSWER, COUNTERCLAIMS, AND DEFENSES**

112. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 112 of the Counterclaims, and therefore deny them.

113. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 113 of the Counterclaims, and therefore deny them.

114. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 114 of the Counterclaims, and therefore deny them.

115. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 115 of the Counterclaims, and therefore deny them.

116. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 116 of the Counterclaims, and therefore deny them.

117. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 117 of the Counterclaims, and therefore deny them.

118. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 118 of the Counterclaims, and therefore deny them.

119. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 119 of the Counterclaims, and therefore deny them.

120. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 120 of the Counterclaims, and therefore deny them.

121. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 121 of the Counterclaims, and therefore deny them.

122. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 122 of the Counterclaims, and therefore deny them.

123. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 123 of the Counterclaims, and therefore deny them.

124. Plaintiffs admit the allegations contained in paragraph 124 of the Counterclaims.

125. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 125 of the Counterclaims, and therefore deny them.

126. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 126 of the Counterclaims, and therefore deny them.

127. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 127 of the Counterclaims, and therefore deny them.

128. Plaintiffs deny the allegations contained in paragraph 128 of the Counterclaims.

129. Plaintiffs admit the allegation contained in paragraph 129 of the Counterclaims.

130. Plaintiffs state that the allegations of paragraph 130 of the Counterclaims refer to a document, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 130 of the Counterclaims.

131. Plaintiffs state that the allegations of paragraph 131 of the Counterclaims refer to one or more documents, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 131 of the Counterclaims.

132. Plaintiffs deny the allegations contained in paragraph 132 of the Counterclaims.

133. Plaintiffs admit the allegations contained in paragraph 133 of the Counterclaims.

134. Plaintiffs state that paragraph 134 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 134 of the Counterclaims.

135. Plaintiffs state that paragraph 135 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 135 of the Counterclaims.

136. Plaintiffs state that the allegations of paragraph 136 of the Counterclaims refer to a document, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 136 of the Counterclaims.

137. Plaintiffs state that the allegations of paragraph 137 of the Counterclaims refer to a document, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 137 of the Counterclaims.

138. Plaintiffs deny the allegations contained in paragraph 138 of the Counterclaims.

139. Plaintiffs admit the allegation contained in paragraph 139 of the Counterclaims.

140. Plaintiffs state that the allegations of paragraph 140 of the Counterclaims refer to one or more documents, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 140 of the Counterclaims.

141. Plaintiffs state that the allegations of paragraph 141 of the Counterclaims refer to one or more documents, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 141 of the Counterclaims.

142. Plaintiffs state that the allegations of paragraph 142 of the Counterclaims refer to one or more documents, the terms of which speak for themselves and which are respectfully

referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 142 of the Counterclaims.

143. Plaintiffs state that the allegations of paragraph 143 of the Counterclaims refer to one or more documents, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 143 of the Counterclaims.

144. Plaintiffs state that the allegations of paragraph 144 of the Counterclaims refer to one or more documents, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and otherwise deny the allegations contained in paragraph 144 of the Counterclaims.

145. Plaintiffs deny the allegations contained in paragraph 145 of the Counterclaims.

146. Plaintiffs deny the allegations contained in paragraph 146 of the Counterclaims.

147. Plaintiffs deny the allegations contained in paragraph 147 of the Counterclaims.

148. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 148 of the Counterclaims.

149. Plaintiffs deny the allegations contained in paragraph 149 of the Counterclaims.

150. Plaintiffs deny the allegations contained in paragraph 150 of the Counterclaims.

151. Plaintiffs deny the allegations contained in paragraph 151 of the Counterclaims.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

152. Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims.

153. Plaintiffs deny the allegations contained in paragraph 153 of the Counterclaims.

154. Plaintiffs deny the allegations contained in paragraph 154 of the Counterclaims.

155. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and characterizations contained in paragraph 155 of the Counterclaims.

156. Plaintiffs deny the allegations contained in paragraph 156 of the Counterclaims.

157. Plaintiffs deny the allegations contained in paragraph 157 of the Counterclaims.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

158. Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims.

159. Plaintiffs deny the allegations contained in paragraph 159 of the Counterclaims.

160. Plaintiffs deny the allegations contained in paragraph 160 of the Counterclaims.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO CYBERSQUATTING

161. Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims.

162. Plaintiffs deny the allegations contained in paragraph 162 of the Counterclaims.

## FOURTH COUNTERCLAIM
## UNFAIR TRADE PRACTICES UNDER "CUTPA"
## (Conn. Gen. Stat. § 42-110(b))

163. Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims.

164. Plaintiffs deny the allegations contained in paragraph 164 of the Counterclaims.

165. Plaintiffs deny the allegations contained in paragraph 165 of the Counterclaims.

166. Plaintiffs deny the allegations contained in paragraph 166 of the Counterclaims.

167. Plaintiffs state that paragraph 167 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 167 of the Counterclaims.

168. Plaintiffs deny the allegations contained in paragraph 168 of the Counterclaims.

169. Plaintiffs deny the allegations contained in paragraph 169 of the Counterclaims.

170. Plaintiffs deny the allegations contained in paragraph 170 of the Counterclaims.

171. Plaintiffs deny the allegations contained in paragraph 171 of the Counterclaims.

172. Plaintiffs deny the allegations contained in paragraph 172 of the Counterclaims.

173. Plaintiffs deny the allegations contained in paragraph 173 of the Counterclaims.

## FIFTH COUNTERCLAIM
## TRADEMARK BULLYING – COMMON LAW UNFAIR COMPETITION

174. Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims.

175. Plaintiffs deny the allegations contained in paragraph 175 of the Counterclaims.

176. Plaintiffs deny the allegations contained in paragraph 176 of the Counterclaims.

177. Plaintiffs deny the allegations contained in paragraph 177 of the Counterclaims.

178. Plaintiffs deny the allegations contained in paragraph 178 of the Counterclaims.

## SIXTH COUNTERCLAIM
## ANTICOMPETITIVE TRADEMARK MISUSE

179. Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims.

180. Plaintiffs deny the allegations contained in paragraph 180 of the Counterclaims.

181. Plaintiffs deny the allegations contained in paragraph 181 of the Counterclaims.

182. Plaintiffs deny the allegations contained in paragraph 182 of the Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES

In support of each of the Affirmative Defenses presented below, Plaintiffs restate and incorporate by reference their responses as set forth in the preceding paragraphs of this Answer to the Counterclaims, as well as its previously filed Complaint.

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of the Counterclaims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not been and will not be injured or damaged by Plaintiffs. However, if it has been or will be, any alleged injury or damages suffered by Defendant would not constitute irreparable harm and would be adequately compensated by damages. Accordingly, Defendant has a complete and adequate remedy at law and is not entitled to injunctive or equitable relief.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiffs' actions were lawful and undertaken in good faith.

### FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiffs were acting with the reasonable belief that its actions were lawful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' respectfully request that the Court grant the following relief:

A. Entering a judgment dismissing the Counterclaims with prejudice;

B. Awarding Plaintiffs reasonable attorneys' fees and costs, including, but not necessarily limited to, pursuant to 15 U.S.C. § 1117 as well as Section 42-110g(d) of the Connecticut General Statutes; and

C. Granting Plaintiffs such other and further relief as the Court may deem just.

                        PLAINTIFFS/COUNTERCLAIM-DEFENDANTS
                        ROSINA FOOD PRODUCTS, INC. and
                        F&R IP INC.

                        By: <u>/s/ Daniel P. Elliott</u>
                        Daniel P. Elliott (ct28058)
                        Barclay Damon LLP
                        545 Long Wharf Drive, Ninth Floor
                        New Haven, Connecticut 06511
                        Telephone: (203) 672-2658
                        Fax: (203) 654-3249
                        delliott@barclaydamon.com
                        *Their Attorneys*

*Of Counsel:*

John D. Cook
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2885
jcook@barclaydamon.com

-and-

Jeffrey M. Koegel
Barclay Damon LLP
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone: (585) 295-4464
jkoegel@barclaydamon.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system of by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ Daniel P. Elliott
Daniel P. Elliott, Esq. (ct28058)
Barclay Damon, LLP
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut 06511
Tel.: 203-672-2658
Fax: 203-654-3258
E-Mail: delliott@barclaydamon.com