UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSINA FOOD PRODUCTS, INC., and F&R IP INC., <br><br>      Plaintiffs, <br><br> v. <br><br>ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR, <br><br>      Defendant. <br><br>ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR, <br><br>      Counterclaimant, <br><br> v. <br><br>ROSINA FOOD PRODUCTS, INC., and F&R IP INC., <br><br>      Counterclaim Defendant. | Case No. 3:22-cv-00684-VAB |

**STIPULATED PROTECTIVE ORDER**

**Proceedings and Information Governed**

1. This Order ("Protective Order") is entered under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party (the "Producing Party") to any other party (the "Receiving Party"), and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things

produced, given or filed in this action that are designated by a party as "Confidential Information" or "Highly Confidential Information – Attorney Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2. For purposes of this Protective Order:

(a) the "Confidential Information" designation means that the document, thing, information, or oral testimony is comprised of or contains commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential;

(b) the "Highly Confidential Information – Attorney Eyes Only" designation means that the document, thing, information, or oral testimony is comprised of or contains information that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter; and

3. Information designated Confidential Information, or Highly Confidential Information – Attorney Eyes Only, does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information or otherwise has a duty not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the Producing Party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

5. Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above, may be designated by the Producing Party as containing Highly Confidential Information – Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY EYES ONLY**

6. A party may designate information disclosed at a deposition as Confidential Information, or Highly Confidential Information – Attorney Eyes Only, by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the receipt of the final transcript of the deposition to designate, in writing to the other party and to the court reporter, whether the transcript, or portions thereof, is to be designated as Confidential Information, or Highly Confidential Information – Attorney Eyes Only. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Highly Confidential Information – Attorney Eyes Only, unless all parties consent to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information, or Highly Confidential Information – Attorney Eyes Only. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with

this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information, or Highly Confidential Information – Attorney Eyes Only, in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

7. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, the Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**Inadvertent Failure to Designate**

8. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the Producing Party from designating such information as confidential or privileged at a later date in writing and with particularity. The information must be treated by the Receiving Party as confidential or privileged from the time the Receiving Party is notified in writing of the change in the designation. If a Receiving Party receives information from a Producing Party that it reasonably believes should have been marked as Confidential Information, or Highly Confidential Information – Attorney Eyes Only, or is privileged, it will treat the information as confidential or

privileged, and will immediately inform the Producing Party of its belief. Promptly after receiving notice from the Producing Party of a claim of privilege or confidentiality, the Receiving Party or its counsel shall inform the Producing Party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

9.     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of privileged or work product protected material shall not constitute a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine.  Employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Rule 502(b)(2) of the Federal Rules of Evidence.  The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**Challenge to Designations**

10.    A Receiving Party may challenge a Producing Party's designation at any time.  Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation.  The Producing Party will then have fourteen (14) calendar days after

receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) calendar day period, the Receiving Party may seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Designated Material**

11.     Material designated as Confidential Information, or Highly Confidential Information – Attorney Eyes Only, may only be used for purposes of preparation, discovery, alternative dispute resolution, trial, and appeal of this action. Material designated as Confidential Information, or Highly Confidential Information – Attorney Eyes Only, may not be used under any circumstances for any other purpose.

12.     Subject to paragraph 14 below, material designated as Confidential Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the Producing Party in advance of the disclosure; (b) in-house counsel who are identified by the Receiving Party in writing to counsel for the Producing Party in advance of the disclosure; (c) outside counsel of record for the Receiving Party and other attorneys at the same firm as outside counsel of record who are working on the case; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel for the

Receiving Party to furnish services such as e-discovery hosting, document coding, image scanning, mock trial, jury profiling, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and Court personnel, including stenographic reporters, videographers, and other persons authorized to officially record a deposition in this litigation.

13. Subject to paragraph 14 below, material designated as Highly Confidential Information – Attorney Eyes Only may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel of record for the Receiving Party and other attorneys at the same firm as outside counsel of record who are working on the case; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) the Court and Court personnel, including stenographic reporters and other persons authorized to officially record a deposition in this matter; and (e) any persons requested by counsel for the Receiving Party to furnish services such as e-discovery hosting, document coding, image scanning, mock trial, jury profiling, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents.

14. Further, prior to disclosing material designated Confidential Information, or Highly Confidential Information – Attorney Eyes Only, to a Receiving Party's proposed expert, consultant, and/or his/her employees, the Receiving Party must provide to the Producing Party a "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit A signed by the proposed expert or consultant, and for any proposed expert or consultant, (a) the resume or curriculum vitae of the proposed expert or consultant, (b) the expert or consultant's business affiliation, (c) any current and past consulting relationships with the parties or their predecessors-

in-interest, and, (d) for the last 10 years, any current and past consulting relationships in the industry. For the purposes of this paragraph, "consulting relationship" shall include retention as a testifying expert witness in any litigation. The Producing Party will thereafter have seven (7) calendar days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) calendar days constitutes approval, and the Receiving Party may then disclose Confidential Information, or Highly Confidential Information – Attorney Eyes Only Information to the Receiving Party's proposed expert, consultant, and/or his/her employees. If the parties are unable to resolve any objection, the Receiving Party may seek an Order from the Court to resolve the matter. There will be no disclosure to any proposed individual during the seven (7) calendar day objection period, unless that period is waived by the Producing Party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

15.   Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

16.   Material designated as Confidential Information, and Highly Confidential Information – Attorney Eyes Only, may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

a)   the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); provided, however, that disclosure under this order to a person currently bound by a confidentiality agreement or who otherwise has a duty

not to disclose information, does not supersede or in any way diminish the terms and requirements of such agreement or duty and this order should not be read to independently authorize such disclosure. Notwithstanding the foregoing, this section does not limit a party's ability to conduct a deposition of the person bound by confidentiality or a party's right to object to same.

   b)  the Producing Party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

   c)  counsel for the party designating the material agrees that the material may be disclosed to the person.

 In the event of disclosure under this paragraph, only the reporter, videographer, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order may be present during the disclosure or discussion of material designated as "Confidential Information" or "Highly Confidential Information – Attorney Eyes Only." Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

 17. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action whom may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony as confidential pursuant to this Protective Order.

**Non-Waiver**

 18. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular

material designated by a party as "Confidential Information" or "Highly Confidential Information – Attorney Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in the Protective Order with respect to any particular information or material.

**Unauthorized Disclosure**

19. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed material protected under this Protective Order to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**Court Filings**

20. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested parties, a Receiving Party may not file in the public record in this litigation any information designated by a party as "Confidential Information" or "Highly

Confidential Information – Attorney Eyes Only," but rather must file under seal any such information in compliance with the Court's CM/ECF Procedures.

**Privilege Logs**

21. No party shall be required to identify on their respective privilege log any document or communication with that party's outside counsel dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

**Attorney Advice to Clients**

22. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a client or, in the course thereof, relying upon his or her knowledge of "Confidential Information" or "Highly Confidential Information – Attorney Eyes Only," provided, however, that in rendering such advice the attorney shall not disclose any material desigated "Confidential Information" or "Highly Confidential Information – Attorney Eyes Only" received from a Producing Party to unauthorized persons, except with the prior written agreement of the Producing Party, or by order of the Court.

**Conclusion of Litigation**

23. Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, each Producing Party may request that all Receiving Parties destroy or return to the Producing Party all materials and documents containing Confidential Information, or Highly Confidential Information – Attorney Eyes Only, and to certify to the Producing Party that this destruction or return has been done. However, outside counsel for any party is entitled to retain

all court papers, trial transcripts, exhibits, communications, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.  The parties and outside counsel shall be under no obligation to destroy backup copies of electronic files if such backups are overwritten or otherwise destroyed in the ordinary course of business.  Regardless of any final judgment, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court orders otherwise.

**Other Proceedings**

24. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated Confidential Information, or Highly Confidential Information – Attorney Eyes Only, pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

25. It is Ordered that this Protective Order may be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

26. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

IT IS SO ORDERED this 26th day of September, 2022.

                                        /s/ Victor A. Bolden
                                        VICTOR A. BOLDEN
                                        UNITED STATES DISTRICT JUDGE

Dated: September 26, 2022

DEFENDANT/COUNTERCLAIM PLAINTIFF – ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR

By: /s/ Todd S. Sharinn
Todd S. Sharinn (CT419121)
Gilbride, Tusa, Last & Spellane LLC
1011 High Ridge Road, Suite 305
Stamford, CT 06905
Tel. (203) 542-8418
Fax (203) 622-9392
tss@gtlslaw.com

Dated: September 26, 2022

PLAINTIFFS/COUNTERCLAIM DEFENDANTS – ROSINA FOOD PRODUCTS, INC. and F&R IP INC.

By: /s/ Daniel P. Elliott
Daniel P. Elliott, Esq. (ct28058)
Barclay Damon, LLP
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut 06511
Tel. (203) 672-2658
Fax (203) 654-3258
E-Mail: delliott@barclaydamon.com
Telephone: (315) 425-2700
Facsimile: (315) 425-2701

**Exhibit A**

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROSINA FOOD PRODUCTS, INC., and F&R IP INC.,<br><br>   Plaintiffs,<br><br> v.<br><br>ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR,<br><br>   Defendant.<br><br>ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR,<br><br>   Counterclaimant,<br><br> v.<br><br>ROSINA FOOD PRODUCTS, INC., and F&R IP INC.,<br><br>   Counterclaim Defendant. | Case No. 3:22-cv-00684-VAB |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I hereby affirm that:

Information, including documents and things, designated as Confidential Information, or Highly Confidential Information – Attorney Eyes Only, as defined in the Protective Order entered

- 1 -

in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by their terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, or Highly Confidential Information – Attorney Eyes Only, disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, or Highly Confidential Information – Attorney Eyes Only, in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, or Highly Confidential Information – Attorney Eyes Only, are to be returned to counsel who provided me with such documents and materials.

- 3 -

_____
Signed

_____
Printed Name

_____
Date

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROSINA FOOD PRODUCTS, INC., and F&R IP INC.,

    Plaintiffs,

    v.

ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR,

    Defendant.

ROSINA'S MILL STREET LLC dba ROSINA'S RESTAURANT AND BAR,

    Counterclaimant,

    v.

ROSINA FOOD PRODUCTS, INC., and F&R IP INC.,

    Counterclaim Defendant.

Case No. 3:22-cv-00684-VAB

**CONFIDENTIALITY AGREEMENT**

I hereby affirm that:

Information, including documents and things, designated as Confidential Information, or Highly Confidential Information – Attorney Eyes Only, as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by their terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, or Highly Confidential Information – Attorney Eyes Only, disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Date